**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 98-4396

BERNADETTE CATTOUSE,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-97-157)

Submitted: February 26, 1999

Decided: October 12, 1999

Before ERVIN,* WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Grafton Ernest Skaggs, SKAGGS & SKAGGS, Fayetteville, West
Virginia, for Appellant. Rebecca A. Betts, United States Attorney,
John C. Parr, Assistant United States Attorney, Charleston, West Vir-
ginia, for Appellee.

_____
*Judge Ervin participated in the consideration of this case but died
prior to the time the decision was filed. The decision is filed by a quorum
of the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bernadette Cattouse pled guilty to engaging in a money laundering conspiracy (Count Seventeen of a 101-count indictment) and received a sentence of 135 months. She appeals her sentence on the ground that the district court clearly erred in finding that she had not accepted responsibility for her criminal conduct. See U.S. Sentencing Guidelines Manual § 3E1.1 (1997). We affirm.

Cattouse lived in Los Angeles and was acquainted with co-defendant Edwin Bruce, who was involved in a marijuana distribution network. Cattouse assisted Bruce by receiving wire transfers of money and in turn transferring money to Bruce or other participants in the marijuana conspiracy. Cattouse paid her relatives to receive wire transfers from Bruce and members of his organization. Cattouse was also involved in shipping packages of marijuana to West Virginia.

In calculating Cattouse's offense level, the probation officer recommended against an adjustment for acceptance of responsibility because Cattouse denied any involvement with marijuana trafficking. Two weeks before the sentencing hearing, Cattouse informed the government that she wished to be interviewed again. At sentencing, the government stated that she had finally provided complete and truthful information about her own conduct and role as a manager as well as the actions of others in the conspiracy. However, the district court decided that an adjustment for acceptance of responsibility was not warranted because Cattouse's change of heart came too late.

The district court's factual determination as to whether a defendant has accepted responsibility is reviewed for clear error. See United States v. Myers, 66 F.3d 1364, 1372 (4th Cir. 1995). Cattouse argues that she demonstrated acceptance of responsibility by pleading guilty

2

in December 1997. However, she acknowledges that she did not make a truthful and complete admission of her role in the offense until May 1998. The district court may consider the timing of a defendant's statement as one factor in determining whether she qualifies for the adjustment. See United States v. Jones, 31 F.3d 1304, 1315 (4th Cir. 1994). The district court did not clearly err in denying the adjustment here.

Accordingly, we affirm the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3